**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-0092-WJM-BNB

LEHMAN BROTHERS HOLDINGS INC.,

    Plaintiff,

v.

UNIVERSAL AMERICAN MORTGAGE COMPANY, LLC,

    Defendant.

_____

**ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE**
_____

This matter is before the Court on Defendant Universal American Mortgage Company LLC's ("Defendant") Motion to Enforce Compliance with Court Order and To Transfer Venue ("Motion"). (ECF No. 15.) Plaintiff opposes the Motion (ECF No. 22); Defendant has filed a Reply. (ECF No. 23.) Shortly after filing its Motion, Defendant filed a supplement with the Court. (ECF No. 18.) That supplement qualifies Defendant's Motion—and what remains of same, Defendant requests that this case be transferred to the United States District Court for the Southern District of Florida.

For the reasons set forth below, Defendants' Motion to Transfer Venue is denied.[1]

---

[1] Defendant has filed motions identical to those before the Court.  These motions have been have denied, finding Defendant's arguments regarding forum shopping and discretionary transfer, pursuant to 28 U.S.C. § 1404(a), unpersuasive.  The Court agrees with those orders and, summarizes much of that reasoning herein.  *See Lehman Brothers Holdings Inc. v. Universal American Mortgage Co.*, 2013 WL 2237493 (D. Colo. May 21, 2013); Order Denying Defendant's Motion To Transfer Venue, *Lehman Brothers Holdings Inc. v. Universal American Mortgage Co.*, Civil Action No. 13-cv-00093-CMA-MJW, filed May 21, 2013; *Lehman Brothers Holdings Inc. v. Universal American Mortgage Co.*, 2013 WL 1685842 (D. Colo. April 17, 2013);

## I. BACKGROUND

This lawsuit is one of eight separate actions, each associated with a separate residential mortgage loan sold by Defendant to Plaintiff.  (ECF No. 22 at 2.)  Seven of those actions have been filed in the District of Colorado.  Originally, Plaintiff filed a single action for breach of contract implicating all the loans in the United States District Court for the Southern District of Florida. (*Id.*)  The district judge, U.S. District Court Judge James L. King, subsequently severed all but one of the claims and dismissed the remainder without prejudice to re-file.[2]  (*Id.* at 3.)

## II. ANALYSIS

### A.   Threshold Issues

As a threshold issue, the Court agrees with Plaintiff's assertion that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.   A district court has original jurisdiction over civil actions where (1) the amount in controversy exceeds $75,000 and, (2) the dispute is "between citizens of different States."  28 U.S.C. § 1332(a).   Here, both prongs are satisfied.  In its Amended Complaint, Plaintiff asserts that the amount in controversy exceeds $75,000, satisfying the first prong of § 1332(a).  (ECF No 7 at 3.) The second prong is also satisfied because complete diversity of citizenship exists between the parties—*i.e.*, Plaintiff is a Delaware corporation with its principal place of

---

*See also Lehman Brothers Holdings Inc. v. Universal American Mortgage Co.*, Civil Action No. 13-cv-00091-MJW, filed June 3, 2013.

   [2]  The Court notes that the facts of this case, relevant to the Motion to Transfer, are outlined in some detail in the parallel proceeding, presided over by U.S. District Court Judge Christine M. Arguello: *Lehman Brothers Holdings Inc. v. Universal American Mortgage Co.*, 2013 WL 2237493 (D. Colo. May 21, 2013) at *1 (D. Colo. April 17, 2013).  Such facts are incorporated herein, as is the reasoning in that order on all the issues that are addressed here.

business in New York, while Defendant's principal place of business is Florida. (*Id.*); 28 U.S.C. § 1332(a). Therefore, the Court finds that diversity exists. Additionally, as Plaintiff asserts and Defendant does not dispute, venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391.

B.      **Defendant's Core Argument: Motion to Enforce Compliance with Court Order**

Defendant's core reason for transfer is predicated on Judge King's order dated January 9, 2013. That order severed claims I, III, IV, V, VI, VII, and VIII, which were dismissed without prejudice. (ECF No. 15-1). The order stated: "**[I]f** Plaintiff so **chooses**, it **may** re-file each of its seven dismissed claims for breach of contract with the Clerk of Court in the Southern District of Florida, with one loan to be the subject of each separate Complaint." (*Id.*) (emphasis added). The order further stated that "any re-filed cases are to be randomly assigned pursuant to the Clerk's standard procedures, since the cases cannot properly be consolidated with each other or with this suit." (*Id.*)

Defendant alleges that January 9, 2013 order mandated that if any of the severed claims were re-filed, Plaintiff should have re-filed in the Southern District of Florida. But the order says nothing of the sort because the passage is framed in discretionary language. The bolded language clearly illustrates this. This view is only reinforced by Judge King's more recent order—dated February 25, 2013—that clarified his earlier ruling. There, he stated:

> "Defendant, however, appear to have misunderstood the Court's January 9, 2013 Order. It was **not the Court's intention to require that Plaintiff re-file its severed claims in the Southern District of Florida.** The Court left to Plaintiff the discretion to re-file or not, and to do so in this district or elsewhere. The Order further stated, though, that if Plaintiff chose to re-file in the Southern District of

>  Florida, "are to be randomly assigned pursuant to the Clerk's standard procedures, since the cases cannot properly be consolidated with each other or with this suit." Nothing in the Court's Order should be seen as denying Plaintiff the right to re-file in another court of appropriate jurisdiction." (emphasis added.)

(ECF No. 18-1.)

Accordingly, because the core of Defendant's argument has been muted by Judge King's clarifying order dated on February 25, 2013, the Court denies Defendant's Motion to Enforce Compliance with Court Order and To Transfer Venue .[3]

**C.    Forum Shopping**

Notwithstanding Judge King's order dated February 25, 2013, Defendant presses the argument that Plaintiff engaged in impermissible forum-shopping by filing this action in the District of Colorado.  (ECF No. 18 at1-2.)  Judge Arguello rejected that argument. This Court agrees.  The reasons are four-fold. First, and despite citing several cases to purportedly support its case on forum shopping, none of the cited cases actually buttresses Defendant's positions.  *See, Lehman Brothers Holdings Inc. v. Universal American Mortgage Co.*, 2013 WL 2237493 (D. Colo. May 21, 2013) at *2 (D. Colo. May 21, 2013).

Second, Plaintiff is not engaging in forum shopping to gain an overt legal advantage.  That is, Plaintiff is "not trying to elicit an advantage through purported forum shopping because a choice of law provision in the Agreement dictates that New York law governs this case, even if there were a more favorable rule of law in Colorado, such law would not impact the disposition of this case." *Id.*  Thus, because of the choice of

---

[3] The Court notes that this reasoning is consistent with U.S. District Court Judge Robert E. Blackburn's order addressing this point. See also Lehman Brothers Holdings Inc. v. Universal American Mortgage Co., Civil Action No. 13-cv-00091-MJW, filed June 3, 2013. (ECF No. 27.)

law provision, there is no inherent advantage of filing in the District of Colorado over the Southern District of Florida.

Third, and related to the second reason, Defendant fails to "establish that Plaintiff was motivated to avoid Judge King, who presided over the Florida action." *Id. See also, In re Fieger,* 1999 WL 717991, No. 97–1359 (6th Cir. Sept. 10, 1999) (unpublished) (plaintiff filed thirteen duplicate complaints in the same district and then dismissed all but one of them, admitting that he had done so in order to ensure assignment to his judge of preference); *Smith v. Mt. Sinai Hospital*, 1985 WL 561 (S.D.N.Y. Apr. 22, 1985), *aff'd,* 857 F.2d 1461 (2d Cir. 1987) (plaintiff moved to voluntarily dismiss the complaint and later re-filed the same complaint to obtain a different judge after the plaintiff expressed that she did not want to "deal" with the first assigned judge and "wanted to get away from" the judge).

Finally, Judge King could only be reassigned the seven severed cases through a blind assignment system.  There was no guarantee that Judge King would retain the cases, and because of the severance order, the chances of the cases being consolidated before him were next to zero.  Any claim against Plaintiff of forum shopping is, therefore, nullified by the blind assignment system that exists in the Southern District of Florida.  *See, Lehman Brothers Holdings Inc. v. Universal American Mortgage Co.*, 2013 WL 2237493 at *2  (D. Colo. May 21, 2013).

Accordingly, given the detailed reasons proffered in Judge Arguello's order on the very same issue here, the Court denies Defendant's Motion to Transfer.

**D.     Transfer 28 U.S.C. § 1404(a): The "Competing Equities" Factors**

Defendant's 28 U.S.C. § 1404 argument is raised for the first time in its Reply.

(See generally, ECF No. 23.) The Court is not required to consider such an argument; however, in this case, because the Court's consideration will not prejudice Plaintiff—as it preemptively discussed the argument in its Response—the Court will address Defendant's argument. *See Kerber v. Qwest Grp. Life Ins. Plan*, 727 F. Supp. 2d 1076, 1079 (D. Colo. 2010) aff'd, 647 F.3d 950 (10th Cir. 2011) (citing *S.E.C. v. 4NExchange*, 2005 WL 1518838 (10th Cir. June 28, 2005)).

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The party seeking to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient. *See Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). In ruling on a motion to transfer venue, district courts must assess two conditions: (1) whether the case might have been brought in the proposed transferee district, and (2) whether the "competing equities" weigh in favor of adjudicating the case in that district.[4] *See Hustler Magazine, Inc. v. U.S. Dist. Court for the Dist. of Wyo.*, 790 F.2d 69, 71 (10th Cir. 1986). However, the decision to transfer venue lies in the sole discretion of the district court and should be based on an "individualized, case-by-case

---

[4] The competing equities include the following factors: (1) plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) the cost of making the necessary proof; (4) questions as to the enforceability of a judgment if one is obtained; (5) relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) the possibility of the existence of questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of local law; and (9) all other considerations of a practical nature that make a trial easy, expeditious and economical.
*Chrysler Credit Corp.*, 928 F.2d at 1516 (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)).

consideration of convenience and fairness." *Texas E. Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978); *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

Here, Defendant goes to great lengths to remind the Court that the case has previously been brought in the Southern District of Florida; thus satisfying the first condition for a Motion to Transfer. But as Judge Arguello points out, Defendant failed to establish its burden with respect to the second condition—*i.e.* the balancing of the equities. In so doing, "Defendant misconstrues the requirements under 28 U.S.C. § 1404 [because] the burden under § 1404 is on the moving party . . . to prove that the alternate forum is more convenient and would better serve the interests of justice." See, *Lehman Brothers Holdings Inc. v. Universal American Mortgage Co.*, at *2 (D. Colo. May 21, 2013) (Arguello, J.) (citing *Chrysler Credit Corp.*, 928 F.2d at 1515).

Accordingly, this Court finds Judge Arguello's reasoning persuasive on the burden issues, along with the balancing of the relevant factors to the extent that Defendant argued them. As such, Defendant's Motion to Transfer is denied.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS that Defendants' Motion to Transfer Venue under 28 U.S.C. § 1404(a) to the United States District Court for the Southern District of Florida (ECF No. 15) is DENIED.

Dated this 10th day of June, 2013.

BY THE COURT:

_____
William J. Martinez
United States District Judge